82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry ELAM, Plaintiff-Appellee,
v.
Tandra L. WILLIAMS, and Eric Williams, Defendants-Appellants.
 No. 94-2368.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1996.
 
 Before: KRUPANSKY, NELSON, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an award of attorney fees in a case involving handicap discrimination. The defendants argue that the relief obtained was so minimal that the only reasonable fee is no fee. Because the defendants' attorney agreed to the amount of the fee award at a hearing before the district court, however, we are constrained to affirm the award.
 
 I.
 
 2
 The defendants, Eric Williams and his wife, Tandra Lee Williams, own and operate Puffer Red's Records and Boutique, a music and clothing store in Ypsilanti, Michigan. The store has two floors. In 1993, in order to display additional merchandise, the defendants removed a ramp connecting the two floors. The plaintiff, Larry Elam--a handicapped individual confined to a wheelchair--complained to the defendants about his consequent lack of access to the second floor. As a result of Mr. Elam's complaints the defendants rearranged the store so that all goods were displayed on both levels.
 
 
 3
 These measures were not sufficient to satisfy Mr. Elam, and he filed a complaint in federal court on September 29, 1993. The complaint, as subsequently amended, sought a declaration that the defendants' actions violated the Americans with Disabilities Act and Michigan Handicappers' Civil Rights Act; an injunction against conduct violating these statutes; reinstallation of the ramp; costs and attorneys fees; "all other legal and equitable relief" the court might deem appropriate; and damages "in excess of $150,000 or an amount which the finder of fact would determine to be fair and just."
 
 
 4
 The case went to trial, and the jury found that defendant Eric Williams had discriminated against Larry Elam as a handicapped individual. The jury also found "that the discrimination ended on September 13, 1993 [more than two weeks before suit was brought], when, as defendant claims, he made the goods, services, facilities, privileges, advantages, or accommodations, of his store, available on the first floor." The jury awarded nothing in damages.
 
 
 5
 After the verdict was returned the district judge held a hearing on the plaintiff's request for injunctive relief and attorney fees. The court declined to order reinstallation of the ramp. It did, however, order that the premises "shall be permanently arranged and maintained at all times during which the premises are open to the general public in such a way as to guarantee disabled persons full and equal access to all goods and services." This language was evidently intended to require that the defendants continue their existing practice of making all merchandise available on the first floor.
 
 
 6
 At the hearing, defense counsel attempted to argue that the plaintiff was not a prevailing party and that even if he were, a fee award would be precluded by Farrar v. Hobby, 506 U.S. 103 (1992). The district judge peremptorily rejected both arguments. Defense counsel then agreed that 150 hours was a reasonable estimate of the number of hours spent on the portion of the case on which the plaintiff had "prevailed," and that $100 was an appropriate hourly rate. On this basis, the court awarded $15,000 in fees plus about half the costs sought by the plaintiff.
 
 II.
 
 7
 42 U.S.C. § 1988 allows the court to award "a reasonable attorney's fee" to a "prevailing party" in a civil rights action. We must take it as given that the plaintiff was in fact a prevailing party here, the defendants having conceded this issue on appeal.
 
 
 8
 " 'The most critical factor' in determining the reasonableness of a fee award," the Supreme Court has explained, " 'is the degree of success obtained.' " Farrar, 113 S.Ct. at 574, quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). Here any success obtained was extremely limited. What the plaintiff really wanted was a ramp and damages. He obtained neither. Because the defendants agreed at the district court hearing to the amount of the fee award, however, they cannot now complain that the fee is unreasonable.
 
 
 9
 AFFIRMED.